Gaston, J.
 

 We are of opinion that there is error in the instructions given to the jury on the trial of this case. Before the act of 1818, (Rev. Stat. c. 34. s. 9,) it was no part of the duty of a constable,
 
 as such,
 
 to collect, or endeavor -to collect, claims'put into his hands for collection, and, if he entered into an engagement to perform such'service, he was responsible for a breach of that engagement according to the rules of law, which regulate contracts of agency. By this act of 18LS it was enacted, that every constable should give a bond; with condition, “not merely for the faithful discharge of his duty
 
 as
 
 such, but for his diligently endeavoring to collect all claims put into his hands for collection.” Since the passing of this act, it has been said that the collection of claims without suit as well as with suit is part of the official duty of a constable; but this
 
 dictum
 
 is not correct, if more be thereby intended than that his official bond is broken, as well by not “ diligently endeavoring to collect all claims put into his hands for collection,” as by failure to execute a precept to him properly directed, or to do any other
 
 *215
 
 act strictly official. Certainly he is not bound to receive claims for collection, as he is bound to obey a legal mandate; but if he does so receive them, he and his sureties are bound in respect thereof, so far as they have consented to be bound
 
 “ to
 
 endeavor diligently to collect them.” Neither the act nor the bond prescribes a new rule, nor do they furnish any measure of diligence, but they provide only a more.ample security for its observance. Such acts, and such omissions as would have been deemed, before the act of 1818, or where there was no express stipulation for diligence, to constitute a compliance with, or a breach of, the implied duty of diligence in a collecting agent, have the same legal character of diligence or neglect, when brought under judicial cognizance, upon the alleged breach of the condition of a bond, since the act, stipulating lor diligence. It was distinctly held in the case of
 
 The Governor
 
 v Carraway, 3 Dev. 436, that the act of 1818 “ does not establish any new principles imposing a peculiar responsibility on constables, but provides that the sureties of constables shall be liable for their acts
 
 as
 
 agents, when they themselves would be responsible upon their
 
 undertakings in that
 
 capacity.”
 

 The breach alleged in this case was, that Holcombe (the constable) had utterly neglected to collect a debt due to the relator from John Perdee, the collection of which he had undertaken. It was incumbent upon the relator (the real plaintiff) to shew this breach by at least
 
 prima facie
 
 evidence. But he offered
 
 none.
 
 There was no evidence that the plaintiff had a “claim” against Perdee, that is to say, a demand because of something due from Perdee. The receipt exhibited was not of a bond, note, or other evidence of a debt, but of an account or statement made out by the plaintiff, setting forth the items and amount of an
 
 alleged
 
 demand for goods sold and delivered. Without some, proof of a
 
 debt
 
 due fromPerdee, there was no
 
 substratum
 
 for the alleged breach. There was no “ claim” to collect.
 

 The general rule of diligence required of a collecting agent is that degree of vigilance, attention and care, which a faithful and prudent person, conversant with business of that description, would ordinarily use. His HoNor held that
 
 *216
 
 the constable was bound at all events to sue out process against the supposed debtor, whether he could be found or not, and, if process could be served, to prosecute the action £0 judgment and sue out execution, whether the debtor had or had not the ability to pay. It seems to us that such certainly is not the rule of diligence in an ordinary private agency, except, perhaps, when specific instructions have been given to that effect. Prudent men, in the management of their own concerns, do not ordinarily sue out process without a prospect of having it served, or run themselves to the expense of bringing suits, obtaining judgments and issuing executions, against paupers. We have held that inability to find a debtor, and a want of
 
 ability in the debtor to pay
 
 the debt, afford a reasonable explanation of a forbearance to sue on the part of the creditor, and therefore remove the presumption of satisfaction which arises from
 
 laches. Matthews
 
 v Smith, 2 Dev. & Bat.
 
 287. McKinder
 
 v
 
 Littlejohn,
 
 1 Ired. 66. If such circumstances remove the imputation of
 
 laches
 
 in the principal, they cannot be immaterial when the agent is sought to be charged because of his
 
 laches.
 
 But the very point is determined in the case of the
 
 Governor
 
 v
 
 Carraway,
 
 already cited. It was there held that the sureties of a constable, unless there were express instructions to the contrary, are not liable, under the act of 1818, for not suing out an execution against an insolvent debtor.
 

 We feel ourselves bound to reverse the judgment below and to remand the cause for another trial.
 

 Per Curiam, Judgment reversed and new trial awarded.